IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANE DOE, | * | |
|    Plaintiff, | * | |
| v. | * | Civ. No. DLB-25-1523 |
| DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | * | |
| | * | |
|    Defendants. | * | |

**MEMORANDUM ORDER**

On May 12, 2025, Jane Doe, a "combat disabled veteran," filed a complaint in this Court against the Department of Veterans Affairs, the Administrative Office of the U.S. Courts, Friendship Place, Equity Residential, Bozzuto Management Co. ("Bozzuto"), six judges in the federal and D.C courts, six federal court clerks, and several John and Jane Doe defendants. ECF 1-3. Doe alleges that Equity Residential and Bozzuto colluded to deny accommodations for her disabled husband and, after that, all the defendants colluded to obstruct her access to the courts. She claims her efforts to have her claims heard have been thwarted in multiple courts, and she asks this Court to right that perceived wrong. The Court has reviewed Doe's complaint, motion for leave to proceed in forma pauperis, motion to proceed under pseudonym, emergency motion for injunctive and structural relief, motion to oppose anticipated defenses, emergency motion to file material under seal, motion to file declaration of "true identity" under seal, and the attachments to these motions. ECF 1, 3–10. Her motions to proceed in forma pauperis, to proceed under a pseudonym, and to seal are granted. Because the Court cannot grant the relief Doe seeks in her complaint, the Court dismisses the complaint and denies the remaining motions as moot.

I.      Background

Doe and her husband are both disabled veterans, and they have five minor children. Doe homeschools her children and is her husband's caregiver. Equity Residential, which formerly owned the property where Doe and her family were living, had granted an accommodation for Doe's disabled husband, but it then transferred the property to Bozzuto without ensuring that Bozzuto would provide the same accommodation. ECF 1-3, at 12. Bozzuto failed to accommodate Doe's disabled husband and "deliberate[ly] obstruct[ed] federal disability rights by misrepresenting its legal authority and obligations." *Id.* at 10. Doe "reported concerns about discrimination, unsafe housing, administrative neglect, and systemic failure within their operations" to Friendship Place, "a federally funded housing grantee and lead SSVF (Supportive Services for Veteran Families) provider." *Id.* at 9. In response, Friendship Place retaliated by revoking services, "misusing confidential disclosures to support litigation targeting," "[c]oordinating with counsel and federal actors to suppress filings," and defaming her. *Id.* at 9–10.

Doe reported Friendship Place's failure to accommodate her family's housing needs, Friendship Place retaliated against her, and she sued Friendship Place. ECF 1, at 7. Doe alleges that the Department of Veterans Affairs unlawfully removed her case from D.C. Superior Court, "obstruct[ed] . . . protected legal filings; and interfere[d] in medical, legal, and emergency access rights guaranteed to disabled veterans under federal laws." ECF 1-3, at 7. The judges assigned to her case dismissed her complaint and emergency filings, refused to consider evidence, delayed ruling or refused to rule on motions she filed in their courts, unsealed documents she sought to file under seal, refused to allow her to proceed under a pseudonym, threatened sanctions, and demanded that she follow "the 'correct' process" for her filings. *Id.* at 13–17, 21, 23, 24. She claims the clerks returned her filings to her, issued show cause orders, denied her electronic access

to the docket, and humiliated her (although she does not say how), *id.* at 18–20, 25–26, and the Administrative Office of the U.S. Courts allowed all this to happen, *id.* at 8. She also alleges that "additional unidentified or shielded federal actors," including "clerical supervisors, administrative officers, legal advisors, federal court staff, and agency liaisons," "contributed to the obstruction, retaliation, and civil rights violations" by rerouting filings, "[s]uppress[ing] or ignor[ing] emergency motions, trauma declarations, and judicial misconduct allegations," and misapplying the courts' procedural rules. *Id.* at 27.

Doe claims the defendants' conduct violated her right of access to the courts, her due process rights, and her equal protection rights under the First, Fifth, and Fourteenth Amendments of the U.S. Constitution and violated 42 U.S.C. § 1983, Titles II and III of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12132), the Rehabilitation Act (29 U.S.C. § 794), and the Fair Housing Act ("FHA") (42 U.S.C. § 3617). Doe seeks declaratory and emergency injunctive relief as well as compensatory and punitive damages.

II. **Discussion**

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), 1915A(b). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as noted in Quartey v. Obama*, No. PJM-15-567, 2015 WL 13660492, at *1 (D. Md. Mar. 4, 2015).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S.

519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

### A. Claims Against Judges and Clerks

Judges Randolph D. Moss, Sparkle L. Sooknanan, Katherine E. Oler, Patricia Tolliver Giles, Ivan D. Davis, and Christopher R. Cooper are judges whom Doe is suing for decisions made in their judicial capacity, and Robert Meek, Judith Lanham, Dana van Metre, Erica M. Thorner, Clifton B. Cislak, and Catherine J. Lavender are clerks whom Doe is suing for decisions made in their capacity as clerks of the courts. Doe's claims against the judges and their clerks are barred by the doctrine of judicial immunity. *See Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023). "Judicial immunity . . . not only protects judges from ultimate liability in a case, but also serves as a complete bar to suit. It applies even to judicial acts 'flawed by the commission of grave procedural errors,' and protects even actions 'alleged to have been done maliciously or corruptly.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), and then quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872); citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)); *see also Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2017) (per curiam) ("Judges are absolutely immune from suit for a deprivation of civil rights [under 42 U.S.C. § 1983] for actions taken within their jurisdiction") (alteration and quotation omitted). The one limitation on this immunity is that

4

"judges are not protected if they act in the 'clear absence of all jurisdiction over the subject-matter' or when they engage in nonjudicial acts." *Gibson*, 85 F.4th at 223 (quoting *Bradley*, 80 U.S. (13 Wall.) at 351; citing *Stump*, 435 U.S. at 360). "Similarly, court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction." *Hamilton v. Murray*, 648 F. App'x 344, 345 (4th Cir. 2016) (citing *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972)). Because Doe provides no grounds to defeat the judicial immunity that applies to the defendant judges' determinations and the clerk's actions in her cases in other courts, the claims against the judges and clerks are dismissed with prejudice.

### B. Claims for Violations of Constitutional Rights

Under Section 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009). Two elements are essential to state a claim under § 1983: (1) plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation must have been committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Neither the Administrative Office of the U.S. Courts nor the D.C. Circuit Court Clerk's Office is a "person" subject to suit under 42 U.S.C. § 1983. Several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not

5

subject to suit under § 1983. *See Oliva v. Boyer*, 163 F.3d 599 (4th Cir. 1998) (Table) ("[T]he Defendant court system is not a person as defined by 42 U.S.C.A. § 1983 . . . ."); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) ("[A] state court is not a 'person' within the meaning of that term as used in § 1983 . . . ."). Therefore, Doe's § 1983 claims against the Administrative Office of the U.S. Courts or the D.C. Circuit Court Clerk's Office for violations of her constitutional rights are dismissed with prejudice.

The Department of Veterans Affairs, Friendship Place, Equity Residential, and Bozzuto Management Co. are not subject to liability under § 1983 because they are not state actors. "[A] person acts under color of state law 'only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "[P]rivate activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (citations and internal quotation marks omitted). Doe does not allege that the state has granted any of these defendants authority to act on its behalf or that the state dominated their actions. Therefore, she fails to state a § 1983 claim against these defendants. These § 1983 claims are dismissed without prejudice.

**C. Statutory Claims**

The claims under the ADA, Rehabilitation Act, and FHA cannot proceed. Title II of the ADA prohibits discrimination by a public entity against an individual because of his or her disability. *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir. 2018). The law provides that "no qualified individual with a disability shall, by reason of such disability, be

excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" means "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority . . . ." *Id.* § 12131(1). "Claims under the ADA's Title II and the Rehabilitation Act can be combined for analytical purposes because the analysis is 'substantially the same.'" *Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty.*, 673 F.3d 333, 336 (4th Cir. 2012) (quoting *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 n.9 (4th Cir. 1995)). Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail under Title III of the ADA, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against him because of his disability." *J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669–70 (4th Cir. 2019). The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of [the] sale or rental of a dwelling . . . because of a handicap of . . . that person." 42 U.S.C. § 3604(f)(2)(A). To state an FHA claim, a plaintiff must plausibly allege that they had a handicap, that the defendant took an adverse action against them, and that the defendant did so "'because of' [their] handicap." *Thomas v. The Salvation Army of S. Territory*, 841 F.3d 632, 639 (4th Cir. 2016) (quoting § 3604(f)(2)(A)); *see also Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 421 (4th Cir. 2018).

Doe's claims fail because she does not allege *she* was denied benefits or that an adverse action was taken against *her* because of *her* disability; she claims that *her husband* was denied disability accommodations. To bring claims on behalf of her husband, who is not a party to this litigation, Doe "must demonstrate: (1) an injury-in-fact; (2) a close relationship between herself and [her husband]; and (3) a hindrance to [her husband's] ability to protect his . . . own interests." *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 215 (4th Cir. 2002) (citing *Powers v. Ohio,* 499 U.S. 400, 410–11 (1991))). Does has not alleged that her husband cannot protect his own interests. Consequently, she has not shown that she has standing to sue on his behalf. *See id.* She fails to state an ADA, Rehabilitation Act, or FHA claim. She also fails to state an ADA or Rehabilitation Act claim for the additional reason that none of these defendants qualifies as a public entity. Her FHA claim is dismissed without prejudice, and her ADA and Rehabilitation Act claims are dismissed with prejudice.

### III.  Conclusion

Doe's claims are dismissed for failure to state a claim. Doe states she filed suit in this Court because other courts have not allowed her to pursue similar, if not identical, claims. As a result, even if Doe had stated a claim, these claims may be blocked by collateral estoppel or res judicata because the earlier court rulings may preclude re-litigation of the claims or issues.

Accordingly, it is this 14th day of May, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Doe's motion for leave to proceed in forma pauperis, ECF 3, IS GRANTED;

2. Doe's motion to proceed under pseudonym, ECF 4, IS GRANTED;

3. The § 1983 claims against the Department of Veterans Affairs, Friendship Place, Equity Residential, and Bozzuto Management Co. and the FHA claim against the

defendants who are neither judges nor clerks ARE DISMISSED without prejudice, and all other claims ARE DISMISSED with prejudice;

4. Doe's emergency motion for injunctive and structural relief, ECF 5, IS DENIED AS MOOT;

5. Doe's motion to oppose anticipated defenses, ECF 6, IS DENIED AS MOOT;

6. Doe's emergency motion to file material under seal, ECF 7, IS GRANTED;

7. Doe's motion to file declaration of "true identity" under seal, ECF 9, IS GRANTED;

8. The Clerk shall PROVIDE a copy of this Order to Doe; and

9. The Clerk shall CLOSE this case.

Deborah L. Boardman
United States District Judge